**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

---

**ROSIE HUGHES** and **NANCY CRANFORD,**
Individually, and on behalf of themselves and other
similarly situated current and former employees,

    Plaintiffs,

        v.

**HUDDLE HOUSE, INC.,**
a Georgia Corporation,

    Defendant,

**CASE NO.** 3:17-CV-193-SA-RP

FLSA Opt-In Collective Action

**JURY DEMANDED**

---

### COLLECTIVE ACTION COMPLAINT
---

Plaintiffs, Rosie Hughes and Nancy Cranford, individually, and on behalf of themselves and other similarly situated current and former employees, bring this collective action against Huddle House, Inc., and, allege as follows:

### I.    INTRODUCTION

1.     This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages, overtime compensation and other damages owed to Plaintiffs and other similarly situated current and former employees who are members of a class as defined herein and currently or previously employed by Defendant.

1

## II.    JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs were employed by Defendant in this district at all times relevant to this action, Defendant regularly has conducted and continues to conduct business in this district, and has engaged and continues to engage in wrongful conduct alleged herein in this district during all material times in this cause.

## III.    CLASS DESCRIPTION

4. Plaintiffs bring this action on behalf of the following similarly situated persons:

> All current and former hourly-paid tipped employees of Huddle House, Inc. in the United States who work (or have worked) at Defendant's Huddle House restaurants at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiffs or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").[1]

---

[1] Plaintiffs reserve the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

## IV. PARTIES

5. Defendant, Huddle House Inc., is a Georgia corporation with its corporate headquarters located at 5901B Peachtree Dunwoody Road NE, Suite 450, Sandy Springs, Georgia 30328. Huddle House, Inc., Inc. has been an "employer" of Plaintiff and similarly situated workers, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. According to the Mississippi Secretary of State, Huddle House Inc. may be served through its registered agent for service of process, CORPORATION SERVICE COMPANY, 5760 I-55 North, Suite 150, Jackson, Mississippi 39211.

6. Plaintiff Rosie Hughes was employed by Defendant as an hourly-paid tipped employee at one of its restaurants within this district during the relevant period herein. (Plaintiff Hughes' Consent to Join this collective action is attached hereto as Exhibit A.)

7. Plaintiff Nancy Cranford was employed by Defendant as an hourly-paid tipped employee at one of its restaurants within this district during the relevant period herein. (Plaintiff Cranford's Consent to Join this collective action is attached hereto as Exhibit B.)

## V. ALLEGATIONS

8. Defendant owns and operates Huddle House restaurants in states across the United States during the relevant period of this action.

9. The primary function of Huddle House restaurants is to sell food and beverage items to customers.

10. Defendant has been the "employer" of the Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d) during all times relevant to this collective action lawsuit.

11. Defendant employed Plaintiffs and those similarly situated and was responsible for establishing and administering their pay and overtime rates, including overtime pay during all times relevant to this collective action lawsuit.

12. The decisions regarding the compensation of Plaintiffs and other members of the class, and other terms of employment were made through a centralized management of Defendant's Headquarters located at 5901B Peachtree Dunwoody Road NE, Suite 450, Sandy Springs, Georgia 30328.

13. Defendant has had a centralized, unified and common plan, policy and practice (scheme) of strictly enforcing restricted hours of compensable work per day and per week (budgeted labor) by providing incentives to managers to stay within or below such budgeted labor on the one hand and, subjecting those managers who failed to stay within such budgeted hours to disciplinary action on the other hand, even though such budgeted labor was/is inadequate to meet the operational demands and needs of its restaurants which, in turn, forced managers to encourage, entice, condone, induce, permit and/or require Plaintiffs and those similarly situated to perform work "off the clock," before and after their scheduled shifts, to require their tipped employees (class members) to perform unrelated (dual occupation), non-tip producing tasks while clocked-in to its timekeeping system as tipped employees at a tip credit wage, to perform non-tip producing preparation and maintenance tasks more than 20% of their time and, declare unearned tips so Defendant could avoid paying them supplemental pay to comply with the applicable FLSA minimum wage requirements.

14. Defendant has had a centralized, unified and common plan, policy and practice (scheme) of working Plaintiffs and similarly situated class members "off the clock" in such a

4

variety of ways. Accordingly, Plaintiffs' and Class Members' "off the clock" claims are unified by a common theory of Defendant's FLSA statutory violations.

15. At all times material to this action, Plaintiffs and those similarly situated are or have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and, worked for Defendant within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

16. At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

17. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in interstate commerce.

18. Defendant has and continues to employ putative class members who are classified as "tipped employees" but primarily perform non-tipped tasks thereby depriving them of the opportunity to earn tips during much of their shifts.

19. Plaintiffs and all other similarly situated persons are current or former employees of Defendant who were paid by the hour and a tip credit against their hourly pay rate.

20. Defendant has and continues to employ a uniform electronic time keeping system for tracking and reporting employee hours worked at each of its restaurants.

21. At all times material to this action and, pursuant to Defendant's centralized, unified and common plans, policies and practices, Plaintiffs and other members of the class have been induced, forced, expected, encouraged, required and, suffered and permitted, to work "off the clock" before and after their scheduled shifts, to work in unrelated "dual

5

occupation," non-tip producing jobs at only a tip credit wage and to declare unearned tips so Defendant could avoid paying such employees supplemental pay to comply with the applicable FLSA minimum wage requirements.

22. As a result, Plaintiffs and the other members of the class are entitled to at least the applicable FLSA minimum wage for all such aforementioned "off the clock" time, as well as any applicable FLSA overtime compensation for such time.

23. In addition and at all times material to this action and, pursuant to Defendant's centralized, unified and common plans, policies and practices, Plaintiffs and other members of the class have been required to perform unrelated non-tip producing maintenance and preparation "side work", such as rolling silverware, washing dishes and glassware, taking out trash, refilling sugar caddies, salt and pepper shakers, ice, condiments, cleaning chairs, tables, booths, restaurant artifacts and décor, lights, blinds, windows, as well as closing out customers checks and performing pre-closing cleaning tasks (such as vacuuming and/or sweeping the server's assigned area and checking dishes, napkins, and utensils) in excess of 20% of their work time, while only receiving a tip credit wage. *See* 29 U.S.C. §§ 203(m) and 203(t).

24. As a result, Plaintiffs and other members of the class are entitled to at least the applicable FLSA minimum wage for all such "side work" without applying a tip credit.

25. Furthermore, at all times material to this action, Plaintiffs and other members of the class who have worked in excess of forty (40) hours per week are entitled to receive overtime compensation at the applicable FLSA overtime rate of pay for all such excess "side work" without applying a tip credit.

26. The U.S. Department of Labor's Fact Sheet #15 provides that "the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13)."

27. According to the regulation promulgated by the U.S. Department of Labor, "…tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA." *See* 29 C.F.R. § 531.52.

28. The net effect of Defendant's aforementioned plan, policy and practice of requiring Plaintiffs and other class members to perform "off the clock" work before and after their scheduled shifts, to perform unrelated (dual occupation) non-tip producing work as the tip credit rate when not assigned customers, to perform unrelated (dual occupation) preparation and maintenance "side work" of more than 20 percent of the time while only receiving a tip credit wage for such time and, to declared unearned tips so Defendant could meet the applicable FLSA minimum wage requirements without paying such employees supplemental pay, was to stay within its "budgeted labor" cost for each of its Huddle House restaurants and, thereby, save payroll costs and payroll taxes. As a consequence, Defendant has violated the FLSA and, thereby enjoyed ill-gained profits at the expense of their tipped employees.

29. Although at this stage Plaintiffs are unable to state the exact amount owed to them and other members of the class, they believe such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI. COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs bring this action on behalf of themselves and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

31. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

32. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiffs at this time and, can only be ascertained through applicable discovery, Plaintiffs believe there are at least hundreds of individuals in the class.

33. The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and other members of the class who work or have worked for Defendant at their Huddle House restaurants were subjected to the same operational, compensation and timekeeping policies and practices, including not being paid for all aforementioned "off the clock" work before and after their assigned shifts, not being paid the applicable FLSA minimum wage (without applying tip credit) for unrelated "dual occupation" non-tip producing work when not assigned customers, not being compensated at least the FLSA minimum wage for 20 percent plus unrelated non-tip producing preparation and maintenance "side work" during their work time,, not being compensated for unearned tips they were required to declare (applied as tip credit by Defendant), all having been characterized and referred to as "off the clock" claims.

34. As a result, such "off the clock" claims of Plaintiffs and members of the class are unified by a common theory of Defendant's FLSA statutory violations.

35. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the class were expected and/or required to perform work without compensation;

- Whether Defendant suffered and permitted Plaintiffs and other members of the class to perform work without compensation;

- Whether Defendant failed to pay Plaintiffs and the other members of the class the applicable FLSA minimum wage for all work performed;

- Whether Defendant failed to pay Plaintiffs and other members of the class all FLSA overtime compensation due them for all hours worked in excess of forty (40) hours per week.

- The correct statutes of limitations for the claims of Plaintiffs and other members of the class;

- Whether Plaintiffs and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendant is liable for interest, attorneys' interest, fees, and costs.

36. Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiffs have no interests adverse to the class and, Plaintiffs have retained competent counsel who are experienced in collective action litigation.

37. Collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions,

making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

38. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendant.

### COUNT I
### FLSA VIOLATIONS – OVERTIME
(On Behalf of the Class)

39. Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege Paragraphs 1 through 38 above, as if they were set forth herein.

40. At all times relevant herein, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. At all times relevant herein, Defendant has employed (and/or continues to employ) Plaintiffs and each of the other members of the class within the meaning of the FLSA.

42. At all times relevant and based on the aforementioned allegations, Defendant has had a centralized, uniform and common plan, policy and practice of willfully failing to pay Plaintiffs and other members of the class for all compensable time, including for "off the clock work performed before and after their scheduled shifts, for all unrelated "dual occupation" non-tip producing work time when not assigned customers, for all unrelated non-tip producing preparation and maintenance "side work" in excess of 20 percent of their work time without applying a tip credit and for all unearned tips Plaintiffs and other members of the class were required to declare (and applied as tip credit by Defendant), at the applicable FLSA minimum wage and overtime rates of pay.

43. At all times herein, Defendant's uniform plan, policy and practice of willfully failing to pay Plaintiffs and members of the class at least the required minimum wage rate of $7.25 an hour and, one and one-half times their regular hourly rate of pay for all hours in excess of forty (40) within weekly pay periods, constitute a variety of unpaid "off the clock" time, resulting in such "off the clock" claims of Plaintiffs and class members being unified by a common theory of Defendants' FLSA violations.

44. At all times relevant, Defendant has had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and other members of the class for all the aforementioned "off the clock" compensable time of at least at the applicable FLSA minimum wage and overtime rates of pay.

45. Defendant's aforementioned FLSA violations were willful and, committed without a good faith basis.

46. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

47. Due to Defendant's aforementioned willful FLSA violations and, lack of a good faith basis in committing such violations, Plaintiffs and the other members of the class are entitled to recover from Defendant compensation for unpaid minimum wages and overtime compensation, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## COUNT II

### FLSA VIOLATIONS – MINIMUM WAGE
(On Behalf of the Class)

48. Plaintiffs, on behalf of themselves and other members of the class, repeat and re-allege Paragraphs 1 through 47 above, as if they were fully set forth herein.

49. At all times relevant herein, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

50. Pursuant to Defendant's aforementioned centralized, uniform and common plans, policies and practices, it has failed to pay Plaintiffs and other members of the class the applicable minimum wage rates as required by the FLSA.

51. At all times relevant and based on the aforementioned allegations, Defendants has had a centralized, uniform and common plan, policy and practice of willfully refusing to pay Plaintiffs and other members of the class for all compensable time, including for "off the clock" work before and after their scheduled shifts, for all unrelated "dual occupation" non-tip producing work time when not assigned customers (without applying a tip credit". for all unrelated non-tip producing preparation and maintenance "side work" in excess of 20 percent of their time and, for all unearned tips Plaintiffs and other members of the class were required to declare (and applied as tip credit by Defendant), at the applicable FLSA minimum wage and overtime rates of pay.

52. At all times herein, Defendant's aforementioned centralized, uniform and common plans, policies and practices of willfully failing to pay Plaintiffs and members of the class at least the required minimum wage rate of $7.25 an hour and, one and one-half times their regular hourly rate of pay for all hours in excess of forty (40) within weekly pay periods,

for all hours worked, constitute a variety of unpaid "off the clock" time, resulting in such "off the clock" claims of Plaintiffs and class members being unified by a common theory of Defendant's FLSA violations.

53. At all times relevant, Defendant has had actual and/or constructive knowledge of willfully refusing to pay Plaintiffs and other members of the class for all the aforementioned "off the clock" compensable time of at least at the applicable FLSA minimum wage and overtime rates of pay.

54. Defendant's aforementioned FLSA violations were willful and, committed without a good faith basis

55. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

56. Due to Defendant's aforementioned willful FLSA violations and, lack of a good faith basis in committing such violations, Plaintiffs and the other members of the class are entitled to recover from Defendants compensation for unpaid minimum wages and overtime compensation, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Whereas, Plaintiffs, individually, and/or on behalf of themselves and all other similarly situated members of the class, request this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency

of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. On Count I, an award of compensation for unpaid straight time wages to Plaintiffs and other members of the class;

C. On Count II, an award of compensation for unpaid overtime wages to Plaintiffs and the other members of the class at the applicable FLSA overtime rate of pay.

D. On Counts I and II an award of liquidated damages to Plaintiffs and other members of the class;

E. On Counts I and II an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the class;

F. On Counts I and II an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class;

G. On Counts I and II a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

H. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated:  September 28, 2017

                          Respectfully Submitted,

                          */s/ George B. Ready*
                          George B. Ready (MS Bar #4674)
                          **Law Office of George B. Ready**
                          175 East Commerce St.
                          P.O. Box 127
                          Hernando, MS 38632
                          662-429-7088
                          *GBReady@georgegreadyatty.com*

                                                    &

Gordon E. Jackson* (TN BPR #08323)
J. Russ Bryant* (TN BPR #33830)
Paula R. Jackson* (TN BPR #20149)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee  38018
Tel:  (901) 754-8001
Fax:  (901) 759-1745
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*
*Admission Pro Hac Vice Anticipated

*Attorneys for the Named Plaintiff, on behalf of herself and all other similarly situated current and former employees*