**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**ROSIE HUGHES and NANCY CRANFORD,**
 Individually, and on behalf of themselves and other
similarly situated current and former employees,

       Plaintiffs,

                                       CASE NO. 3:17-CV-00193-SA-RP

       v.

**HUDDLE HOUSE, INC.,**

       Defendant.

**MEMORANDUM IN SUPPORT OF JOINT MOTION**
**TO APPROVE SETTLEMENT AGREEMENT**

## I.    <u>Introduction</u>

Named Plaintiffs, Rosie Hughes and Nancy Cranford, and Opt In Plaintiffs, Marie McKee, Jr'Breda Jones, Margaret Kibbey, and Erica Pitcock (collectively "Plaintiffs") and Defendant, ("Huddle House" or "Defendant") (all collectively "The Parties") by and through their respective counsel, hereby submit this Memorandum of Law in Support of their Joint Motion to Approve Settlement Agreement. The Parties respectfully request that the Court review and approve the terms of the proposed Confidential Settlement Agreement and Release related to this action under the Fair Labor Standards Act ("FLSA").[1] The Parties also request that the Court approve the

---

[1] A Joint Motion to file the executed Confidential Settlement Agreement and Release is pending. The parties seek leave of this Court to file the Confidential Settlement Agreement under seal as Exhibit A to the Joint Motion to Approve Settlement maintain the confidentiality of the Settlement Agreement. See *Johnson v. Vector Transportation, Co.*, 2015 U.S. Dist. Lexis 166327 *3 (N.D. Miss., December 11, 2015).

proposed apportionment of the settlement proceeds as set forth in the Settlement Agreement as fair, reasonable and adequate.

## II.    <u>Statement of the Case</u>

This lawsuit was brought by the Plaintiffs solely under the FLSA to recover allegedly unpaid minimum wage and overtime compensation. The Complaint was filed on September 29, 2017. Plaintiffs at all times relevant to the allegations in the Complaint, were "tipped employees" working in Defendant's restaurants. Plaintiffs contend that, at all times relevant to the allegations in the Complaint, they were required to perform non-tip-producing work at below minimum wage; required to perform side work in excess of 20% of their time while clocked in as a tipped employee; required to falsely report tips they did not receive to reduce the amount of supplemental compensation Huddle House paid them to meet the minimum wage; and/or otherwise performed work off-the-clock and without compensation. Thus, Plaintiffs allege that for the three (3) year period of time prior to the filing of this lawsuit that they were employed by Defendant, they were improperly denied minimum wage and overtime compensation.

In contrast, Defendant contends that Plaintiffs (and all tipped employees in its restaurants) were at all times relevant to the allegations in the Complaint and in good faith properly paid under the FLSA. Defendant maintains that the FLSA does not distinguish between "tipped" and "non-tip producing work," that the Act contains no percentage limitation on "side work," that Defendant never requested or asked tipped employees to over-report their tips and that Defendant requires all of its non-exempt employees to report all of their hours of work.[2] Alternatively, Defendant maintains that any violation of the FLSA was not willful, thus limiting any period of liability to

---

[2] For this reason, and because Defendant is not changing any of its practices relative to its tipped employees, the parties agreed to settle this case for the Named Plaintiffs and the Opt In Plaintiffs only.

time working within the two-year statute of limitations as opposed to the three-year statute of limitations applicable to willful violations. Defendant also maintains that liquidated damages are not appropriate because it acted in good faith at all relevant times.

### III. Settlement Negotiations

The proposed Settlement Agreement is the product of arms-length settlement negotiations between the parties. The complaint was filed on or about September 29, 2017. The Summons for Defendant was received on December 15, 2017. Counsel for Defendant reached out to counsel for the Named Plaintiffs and began discussing the parties' positions, the facts, and the current state of the law under the FLSA. In light of these developments, and to avoid the expense and time of continuing to litigate this action, the parties agreed that it was in both parties' best interest to settle the case. The parties, through arm's length negotiations over a period of several months, came to the agreement set forth in the proposed Settlement Agreement.

### IV. Proposed Settlement Terms

A. Scope of the Settlement

Defendant is settling with Named Plaintiffs and current Opt In Plaintiffs.

B. Dismissal of Case and Distribution of Settlement Proceeds

If this Agreement is approved by the Court, the Parties will submit an agreed order of immediate dismissal with prejudice. Defendant will provide payment within thirty (30) days of the settlement effective date, as defined in the Settlement Agreement.

C. Allocation of the Settlement Proceeds

1. Basic Back Pay

In order to construct an equitable process for determining the total settlement amount and how to disperse the settlement funds to the Plaintiffs, the parties turned to the weeks worked by

3

the Plaintiffs during the statutory period. From there, the parties added up the total number of weeks worked during the relevant period by the Plaintiffs, divided the settlement amount (minus the Attorneys' Fee and Cost Payment and Individual Incentive Payment allocations) by that total number of weeks, and then multiplied each Plaintiff's number of weeks worked during the relevant period by the result of the division to determine each Plaintiff's Individual Payment. This method accounts for number of weeks worked and credits Plaintiffs who worked longer during the relevant period with a greater allocation of the settlement. This is how the back pay to be paid to each Plaintiff will be calculated. These payments will be split equally between wage payments and non-wage payments for which IRS Form W-2s and 1099s will be issued respectively.

2.    Individual Incentive Payments

The parties recognize that the two Named Plaintiffs were the precipitating force behind this litigation and should receive a service payment for their efforts. The parties have agreed that the amount of the Incentive Payment to each set forth in the Settlement Agreement is an appropriate payment for their services. This payment is not wages and each named Plaintiff will receive an IRS Form 1099 from Defendant.

3.    Attorneys' Fees and Costs

Attorneys' fees and costs are recoverable in actions under the FLSA. The parties have agreed that the maximum attorneys' fees, costs and expenses that Plaintiffs' counsel may obtain in this case will be as set forth in the Settlement Agreement.

**V.    Discussion**

A.    Settlements Under the FLSA Generally

This Court must approve settlements of FLSA claims. The court's focus in evaluating a settlement under the FLSA is to determine if there is a bona fide dispute under the FLSA and

4

whether the settlement is fair and reasonable in light of that bona fide dispute. *Johnson*, 2015 U.S. Dist. Lexis 166327 *4; *see also Liger v. New Orleans Hornets MBA Limited*, 2009 WL 2856246 *2 (E.D. La. 2009).

        B.      The Factors to Consider in Evaluating the Settlement of an FLSA Action

              1.   <u>There Must Be a Bona Fide Dispute Under the FLSA</u>

In determining whether there is a "bona fide" dispute in conjunction with an FLSA action, there must exist some doubt that the plaintiffs will ultimately succeed on the merits of the claim they present. *Collins*, 568 F. Supp. 2d at 719-20. Having said that, the Court's consideration of the issue should not devolve into a trial on the merits. *Id.* Indeed the courts have long preferred settlement as a means for resolving litigation and there is a strong presumption in favor of finding that a proposed settlement is "fair." *Johnson*, 2015 US Dist. Lexis 166327 *5. The Court and the parties must bear in mind that the issue is not who is more or less likely to prevail. Rather, the issue is whether there is a bona fide dispute that warrants "[a] settlement…a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *Collins*, 568 F. Supp. 2d at 719-20.

Here, Plaintiffs were all tipped employees working for Defendant at its restaurants. All were paid a sub-minimum hourly rate, taking advantage of the tip credit under 29 U.S.C. § 203(m). It is Plaintiffs' contention that they were required to perform non-tip-producing work at below minimum wage; required to perform side work in excess of 20% of their time while clocked in as a tipped employee; required to falsely report tips they did not receive to reduce the amount of supplemental compensation Huddle House paid them to meet the minimum wage; and/or otherwise required to perform work off-the-clock and without compensation which resulted in underpayment of overtime.

Defendant, on the other hand, contends that tipped employees were properly paid a sub-minimum hourly rate taking advantage of the tip credit under 29 U.S.C. § 203(m), that they were not required to perform side work in excess of 20% of their time, that the 20% rule is not valid, that they were not required to report more tips than they actually earned, that they did not perform any work off the clock without compensation and that they were paid all overtime due. Defendant currently has a Motion to Dismiss pending before this Court. Defendant's Partial Motion to Dismiss Plaintiff's Complaint relates to Plaintiffs' "80/20"/dual jobs theory of minimum wage liability. The effect of the Motion to Dismiss, if granted, would prohibit Plaintiffs from proceeding on their theory that Defendant should not have been permitted to pay them using the "tip credit" for an unknown and unqualified amount of time that they allegedly spend performing "non-tipped" duties.

Resolving the legal issues raised in Defendant's Motion to Dismiss on the fact intensive issues of the tipped employees will necessarily involve consideration of conflicting court cases, contradictory Department of Labor opinion letters and statutory interpretation. Any resolution at trial would likely be appealed by the unsuccessful litigant for what could be years of appeals. In addition, a trial will also have to address the issue of the Defendant's good faith. The Court may conclude that the violation (if any) was not willful and therefore does not call for the application of the three-year statute of limitations or the award of liquidated damages. *See Collins*, 568 F. Supp. 2d at 723.

The parties have done more here than simply state, without support, that there is a bona fide dispute. As required by *Collins* and its progeny the parties have objectively stated the facts and legal issues involved in this case which create at least some doubt as to whether Plaintiffs would succeed on the merits. *Collins*, 568 F. Supp. 2d at 719-20. Thus, this case presents a bona

fide dispute as called for by *Collins* and its progeny.

## 2. The Proposed Settlement Is Reasonable and Fair

The parties have concluded it is financially advantageous to both sides to settle the case as opposed to litigating the Plaintiffs' allegations.

Turning back to the *Collins* factors, the parties recognize that this case in only in its early stages and no discovery has occurred. However, the parties recognize and agree that based on the information that has been voluntarily shared by Defendant, and the legal impediments to their claims identified above, the Individual Payments to each Plaintiff are "fair" in light of Plaintiffs' claims and Defendant's arguments and defenses.

In addition, the Settlement Agreement was entered into only after both sides were counseled by their respective attorneys on the risks and benefits of continuing the litigation. For the Plaintiffs, they knew there was a risk that Defendant could prove that, indeed, they were properly compensated at all times and no violations occurred. They also had the added risk that the Court might apply the two-year and not the three-year statute of limitations under the FLSA. Finally, the Plaintiffs could not guarantee they would be awarded liquidated damages under the FLSA if Defendant could prove it was in good faith compliance with the FLSA. In contrast, Defendant, while steadfast in its belief that it properly paid Plaintiffs, ran the risk that a jury would disagree and award back minimum wage and unpaid overtime and liquidated damages to the Plaintiffs. There is no evidence or even any suggestion that the settlement was affected by any improper consideration, such as undue influence, duress, intimidation or coercion. Thus, the settlement is fair and reasonable when viewed against the risks, expenses and delays inherent in litigation.

Moreover, both sides have been ably represented by counsel well-versed in the FLSA and,

in particular, the contours of the exempt classifications under the FLSA and the complexity and cost of litigation under the FLSA. Defense counsel (Jackson Lewis P.C.) is a firm which focuses its entire practice in representing management in labor and employment matters, including litigation under the FLSA. Justin Barnes and Eric Magnus, primary trial counsel for Defendant, have over twenty years representing management in labor and employment matters, extensive experience handling matters under the FLSA and, in particular, collective actions under the FLSA. Likewise, Plaintiffs' counsel (Jackson, Shields, Yeiser & Holt) has as its primary focus representing management in labor and employment matters and representing plaintiffs in FLSA collective actions. Gordon Jackson and Russ Bryant, primary trial counsel for Plaintiffs, both have vast experience in handling matters under the FLSA and, in particular, collective actions under the FLSA. Both are currently handling any number of FLSA nationwide collective actions. In short, both sides have counsel equally experienced in collective actions under the FLSA. As stated in *Johnson*:

> Where experienced counsel representing the interested parties have negotiated the settlement at arm's length, a strong presumption exists that the compromise is fair and reasonable.

*Johnson*, 2015 U.S. Dist. Lexis 166327 *8.

## VI.  Conclusion

For all of the foregoing reasons, the Parties jointly request that the Court grant approval of the proposed Settlement Agreement, and dismiss this case with prejudice.

Dated this the 25th day of May, 2018.

Respectfully Submitted,

_s/ George B. Ready_____
George B. Ready (MS Bar #4674)
**Law Office of George B. Ready**
175 East Commerce St.
P.O. Box 127
Hernando, MS 38632
662-429-7088
_GBReady@georgegreadyatty.com_

_s/ J. Russ Bryant_____
Gordon E. Jackson* (TN BPR #08323)
J. Russ Bryant* (TN BPR #33830)
Paula R. Jackson* (TN BPR #20149)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel:  (901) 754-8001
Fax: (901) 759-1745
_gjackson@jsyc.com_
_rbryant@jsyc.com_
_pjackson@jsyc.com_
_*Admitted Pro Hac Vice_

_Attorneys for the Named Plaintiffs, on behalf
of themselves and all other similarly situated
current and former employees_

_s/Craig A. Cowart_____
Craig A. Cowart (MS Bar No. 10089)
**JACKSON LEWIS P.C.**
999 Shady Grove Road, Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile:  (901) 462-2626
Email: craig.cowart@jacksonlewis.com

Justin R. Barnes (_admitted pro hac vice_)
Eric R. Magnus (_admitted pro hac vice_)
JACKSON LEWIS P.C.
1155 Peachtree Road, Suite 1000
Atlanta, GA 30309
Telephone: (404) 525-8200
Facsimile:  (404) 525-1173
Email: barnesjr@jacksonlewis.com
Email: magnuse@jacksonlewis.com

_ATTORNEYS FOR DEFENDANT_

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of May, 2018, a true and correct copy of the above

**MEMORANDUM IN SUPPORT OF JOINT MOTION TO APPROVE CONFIDENTIAL**

**SETTLEMENT AGREEMENT** was served through the Court's ECF notification system upon

all counsel of record.

*s/Craig A. Cowart*
Craig A. Cowart
JACKSON LEWIS P.C.
999 Shady Grove Road, Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
craig.cowart@jacksonlewis.com

Attorneys for Defendant

4821-6869-6165, v. 5